IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>    *Plaintiff-Appellee,*<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    *Defendant-Appellant.* | No. 22-1906 |

## APPELLEE'S OPPOSED MOTION FOR SUPPLEMENTAL BRIEFING

Appellee VLSI Technology LLC respectfully moves for leave to file supplemental briefing on two discrete issues raised at oral argument on October 5, 2023: (1) whether VLSI's expert Dr. Annavaram properly relied on "Core C7" and "Package C7" data in choosing among the "workload" models available in Intel's Power Model; and (2) whether he properly used the power consumption of the accused products' RING domain in computing the benefits of the '759 patent. VLSI's proposed supplemental brief, limited to eight pages, is attached. VLSI also proposes that Intel be permitted to file a responsive supplemental brief of equal length, and VLSI be permitted a reply of no more than three pages. VLSI's counsel has informed Appellant Intel Corporation of this motion. Intel has indicated that it opposes the motion and will file a response.

Intel's challenge to Annavaram's use of Core C7 versus Package C7 data consisted of a single paragraph in its principal brief. Intel.Br.60. That paragraph did not explain what Intel's Power Model is or how the Power Model and workload actually figured into Annavaram's analysis. Intel's principal brief addresses Annavaram's calculation of RING domain power consumption in two paragraphs, focusing on a supposed miscommunication between VLSI's experts. Intel.Br.61. Because Intel effectively raised *fifteen* different issues on appeal, *see* Intel.Br.v-vi, VLSI was limited to responding to those arguments in four paragraphs in its brief, *see* VLSI.Br.57-59.

In advance of argument, on October 2, 2023, this Court requested a copy of Intel's Power Model. Doc. No. 56. The Power Model is a 100,000-line spreadsheet that is almost 4,000 printed pages, not including voluminous "Visual Basic" code associated with the spreadsheet. The proposed supplemental briefing will enable the parties to fully explain the operation of the Power Model, in particular the function and operation of the relevant "workload" and "residency" inputs.

Finally, in rebuttal at oral argument, Intel's counsel stated:

> ***He chose 80 percent as the number, not 40 percent***. So he actually took a higher number for a non-accused feature [Core C7], applied it to the accused feature [Package C7] . . . . [W]hen you look at the exhibit we provided the court with—the panel with—you'll see that there are both residency and workload inputs. You ***put those in*** and then the model does its work . . . . ***By inputting workload that's twice as much as what his own numbers said*** . . . .

Arg. 43:58-44:55 (emphasis added). Supplemental briefing would permit VLSI to address why those statements are incorrect (or allow Intel to offer clarification). VLSI.Supp.Br.4-6.

As to the '759 patent, Intel's counsel stated:

> [T]he RING domain, the full component, consumes more power than the RING bus. ***That's why Dr. Conte said measure the power consumption of the RING bus, not the RING domain***[.]

Arg. 46:20-46:36 (emphasis added). Supplemental briefing would allow the parties to address Dr. Conte's actual directions (to calculate power use of the whole RING *domain*, not the RING *bus* alone) and how that reflects the invention's fully apportioned benefits. VLSI.Supp.Br.6-8.

This case has regrettably been plagued by the assertion of multiple highly complex and technical issues in a perfunctory "sound bite" fashion so as to evoke suspicion of error without undertaking the burden of explaining clearly. Supplemental briefing from both parties would clarify the issues and enable the panel to fully assess the relevant arguments.

## CONCLUSION

The Court should authorize supplemental briefing as described above.

October 12, 2023  Respectfully submitted,

/*s*/ Jeffrey A. Lamken

Jeffrey A. Lamken
M<small>OLO</small>L<small>AMKEN</small> LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (fax)
jlamken@mololamken.com

*Counsel for Appellee VLSI Technology LLC*

FORM 9. Certificate of Interest                                                      Form 9 (p. 1)
                                                                                                                          March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1906

**Short Case Caption** VLSI Technology LLC v. Intel Corp.

**Filing Party/Entity** VLSI Technology LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/12/2023                      Signature: /s/ Jeffrey A. Lamken

                                                                      Name: Jeffrey A. Lamken

FORM 9. Certificate of Interest                                      Form 9 (p. 2)
                                                                     March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| VLSI Technology LLC | | CF VLSI Holdings LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest　　　　　　　　　　　　　　　　　　　　　Form 9 (p. 3)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐　None/Not Applicable　　　☑　Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑　Yes (file separate notice; see below)　☐　No　☐　N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑　None/Not Applicable　　　☐　Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

4. **Legal Representatives**. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

IRELL & MANELLA LLP: Christopher Abernethy; Benjamin Manzin-Monnin; Iian Jablon; Jordan Nafekh; Keith Orso; Elizabeth C. Tuan; Ian Robert Washburn; Josh Gordon (*former*); Molly J. Russell (*former*); Michael Strub, Jr. (*former*); Brian M. Weissenberg (*former*)

MANN TINDEL THOMPSON: J. Mark Mann; Andy Tindel

STECKLER WAYNE CHERRY & LOVE, PLLC: Craig D. Cherry

ROTHWELL FIGG ERNST & MANBECK, P.C.: Rachel Echols (*former*); Steven Lieberman (*former*); Daniel McCallum (*former*)

FORM 19. Certificate of Compliance with Type-Volume Limitations                           Form 19
                                                                                          July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 22-1906

**Short Case Caption:** VLSI Technology LLC v. Intel Corp.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [✔] the filing has been prepared using a proportionally-spaced typeface and includes __564__ words.

- [ ] the filing has been prepared using a monospaced typeface and includes _____ lines of text.

- [ ] the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 10/12/2023          Signature: /s/ Jeffrey A. Lamken

                          Name: Jeffrey A. Lamken