No. 22-1906

IN THE

# United States Court of Appeals

FOR THE FEDERAL CIRCUIT

VLSI TECHNOLOGY LLC,

*Plaintiff-Appellee*,

v.

INTEL CORPORATION,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Western District of Texas
No. 6:21-cv-00057, Hon. Alan D. Albright

## SUPPLEMENTAL REPLY BRIEF OF APPELLEE VLSI TECHNOLOGY LLC

Jeffrey A. Lamken
Michael G. Pattillo, Jr.
Rayiner I. Hashem
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000
jlamken@mololamken.com

Morgan Chu
*Counsel of Record*
Benjamin W. Hattenbach
Alan J. Heinrich
Amy E. Proctor
Charlotte J. Wen
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
mchu@irell.com

*Counsel for Appellee VLSI Technology LLC*
*(Additional Counsel Listed on Inside Cover)*

Dominik Slusarczyk
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Babak Redjaian
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

*Counsel for Appellee VLSI Technology LLC*

# TABLE OF CONTENTS

Page

I. Annavaram's '373 Patent Benefit Analysis....................................................1

II. Annavaram's '759 Patent Benefit Analysis....................................................3

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*,
967 F.3d 1353 (Fed. Cir. 2020) ....................................................................3

## RULES

Fed. R. Evid. 104(a), cmte. notes......................................................................2

## I. ANNAVARAM'S '373 PATENT BENEFIT ANALYSIS

Intel no longer argues that Annavaram's calculation incorporates the value of non-accused products and features. Intel does not dispute that Annavaram used Intel's simulation models for ***infringing*** Haswell and Broadwell processors. It does not deny the models were configured to use the infringing feature ***only*** in the accused ***Package C7 power state***. And Intel never denies Annavaram excluded power savings from non-infringing features by computing the ***difference*** in power used by infringing and non-infringing power models. Intel.Supp.1-8; VLSI.Supp.2-4.

A. Intel now argues that Annavaram's selections within Intel's Power Model "overstated the power savings" by "inflat[ing] ***how often*** Intel's products use the accused Package C7 state." Intel.Supp.6 (emphasis added). But Annavaram undisputedly used ***Intel*** workload and residency options—"Nancy_HswULT" and "MM12_OP_PSR_on_WiFi-on_19x10"—including ***Intel's*** measurement for Package C7. *Id.* at 2. This dispute thus goes to weight, not admissibility—especially where Intel and its expert admittedly never identified "different workloads" that were supposedly more appropriate or would have produced different results. Appx1995-96; *see* Intel.Supp.6.

Intel identifies no actual ***defect*** in the selected Intel workload and residency data. Intel's counsel said Annavaram "chose 80 percent . . . not 40 percent." Arg. 43:58-44:03. But Intel never shows that the "***Nancy_HswULT" workload***

***Annavaram used*** has a Package C7 value of 80%. Intel compared two numbers Annavaram ***collected*** from laptops for an ancillary analysis, Appx1976; *see* Appx3132, but ignored the Intel-measured Package C7 values in "Nancy_HswULT" that ***Annavaram actually used in his calculation***, VLSI.Supp.4-5.

Intel nonetheless doubles down on counsel's claim that the alleged "error" produced "a power-savings estimate that was nearly 'twice as much,'" repeatedly claiming its expert testified that Annavaram's "'mistake' . . . inflated his power-savings calculation 'by nearly a factor of two.'" Intel.Supp.3, 7 (quoting Arg. 45:25-45:32; Appx1975-76). But Intel's expert was testifying hypothetically—"***if*** you" overestimate Package C7 residency by "a factor of two," ***then*** the estimate would double. Appx1976 (emphasis added). This hypothetical has no basis in fact; Intel's expert ***twice*** conceded he "d[id]n't know" whether Annavaram was "off by .1 percent or 1 percent or some other number," much less a factor of two. Appx2000-01.

B. Intel touts Annavaram's supposed "admission" that "Core C7" was "the one [he] used" to find a "match[ing]" Intel dataset. Intel.Supp.5. But he clarified that he compared "multiple numbers" in his and Intel's data to identify the Intel workload that was the "closest match." Appx1584. While Intel urges the Court to disbelieve his testimony, Intel.Supp.3-4, the trial court was entitled to credit it. *See* Fed. R. Evid. 104(a), cmte. notes (trial court decides fact questions on admissibility). Annavaram testified he considered "package C7" ***and*** "Core C7." Appx1569-70.

Insofar as he "used" ***Core*** C7, he compared ***his Core C7*** to ***Intel's Core C7***. VLSI.Supp.3. Intel never explains how that inflated ***Package C7***. It did not.

## II. ANNAVARAM'S '759 PATENT BENEFIT ANALYSIS

Intel's principal briefs argued only that Annavaram misunderstood Conte's instructions—that he mistakenly computed the RING ***domain***'s power use, not the RING ***bus***'s alone. Intel.Br.61; Intel.Reply.26. But Conte's sworn declaration opposing Intel's *Daubert* motion shows he used " 'ring' bus" to refer to the "CLR [ring] ***domain***." Appx18085 (emphasis added). Intel calls the testimony "self-serving," Intel.Supp.10, but credibility is for trial courts; Intel shows no abuse of discretion.

Intel's supplemental brief argues that using the RING domain is improper. The argument is entirely new, *contrast* Intel.Supp.8-9, *with* Intel.Br.61; Intel.Reply.26; Appx3560-61, and thus waived. Regardless, apportionment does not require " 'absolute precision,' " *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1377 (Fed. Cir. 2020), and Intel nowhere denies that Conte apportioned SpeedShift's overall benefit down to the RING domain, VLSI.Supp.Br.7. Conte explained why it makes sense to calculate the power usage of the components ***attached to the bus*** (the bus itself is only "interconnect wiring"). Appx18085-87; VLSI.Supp.6-7. Conte then testified that "the fraction of power used by the ring domain . . . give[s] the measure of benefit of the '759 patent." Appx2722. Intel offered no contrary evidence. No more was required. *Bio-Rad*, 967 F.3d at 1377.

October 26, 2023

Respectfully submitted,

/*s*/ Jeffrey A. Lamken
Jeffrey A. Lamken
MOLOLAMKEN LLP
Michael G. Pattillo, Jr.
Rayiner I. Hashem
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (fax)
jlamken@mololamken.com

Morgan Chu
*Counsel of Record*
Benjamin W. Hattenbach
Alan J. Heinrich
Amy E. Proctor
Dominik Slusarczyk
Charlotte J. Wen
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010 (telephone)
mchu@irell.com

Babak Redjaian
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991 (telephone)

*Counsel for Appellee VLSI Technology LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 22-1906

**Short Case Caption:** VLSI Technology LLC v. Intel Corp.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☐ the filing has been prepared using a proportionally-spaced typeface and includes __________ words.

☐ the filing has been prepared using a monospaced typeface and includes __________ lines of text.

☑ the filing contains 3 pages / __________ words / __________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. 62).

Date: 10/26/2023

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken